**STATE of Missouri, ex rel. JACK COOPER TRANSPORT CO., INC., Relators,**

v.

**The Honorable Lucy D. RAUCH, Circuit Judge, Div. 3, Eleventh Judicial Circuit, Circuit Court of St. Charles County, Mo., Respondent.**

No. ED 94066.

Missouri Court of Appeals, Eastern District, Writ Division Five.

Feb. 23, 2010.

Robert Wilson McKinley, Jr., Kansas City, MO, Patricj Michael Sanders, St. Louis, MO, for Relator.

Brian M. Wendler, Edwardsville, IL, for Respondent.

KENNETH M. ROMINES, C.J.

Relator Jack Cooper Transport Co., Inc. seeks a Writ of Prohibition or, alternatively, a Writ of Mandamus. Previously we granted the Preliminary Writ. We now make the Writ permanent.

Relator sought a Writ that would order Respondent, the Honorable Lucy D. Rauch, to sever and require separate proceedings for Plaintiff Mark A. Skinner's claims. We find that there are disparate claims which should be severed consistent with Missouri Supreme Court Rule 52.05(a).

**Facts**

Plaintiff's Amended Petition contains six counts. Five of the counts in Plaintiff's Amended Petition are personal injury claims against various entities arising from a series of factual allegations related to an incident that occurred on 28 January 2008. Count IV of the Amended Petition is an employment discrimination claim against Relator, Jack Cooper Transport. Relator filed a Motion to Sever in which it moved the Court to sever and require separate proceedings for the employment discrimination claim. On 23 November 2009, after a hearing, Respondent entered an Order denying Relator's Motion to Sever.

**Discussion**

Relator relies on a plain reading of Rule 52.05(a). The Rule states:

All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect

of or arising out of the same transaction, occurrences or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. Rule 52.05(a).

Conversely, joinder of the defendants is not permitted if the claims do not arise out of the same transaction or occurrence or the right to relief does not arise out of the same transaction or occurrence.

Here, Plaintiff attempted to join multiple defendants involved in an alleged fall incident with an employment discrimination claim involving retaliation, unfair treatment and termination. The employment discrimination claim was directed solely against Relator.

The employment discrimination action in Plaintiff's claim does not arise out of the same transaction or occurrence. The questions of law and fact for the employment discrimination claim are not common to those posed in the personal injury claims. As a result, the Respondent Judge erred in not granting Relator's Motion to Sever. The Preliminary Order is made Absolute and the Honorable Lucy D. Rauch is ordered to sever the claim for employment discrimination from the remaining counts in Cause No: 0911–CV06376, Circuit Court of St. Charles County, Missouri.

GLENN A. NORTON, J. and ROY L. RICHTER, J., concur.